UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-61001-Civ-SCOLA

EDDIE ALEXANDER BANKS,

    Plaintiff,
vs.

AL LIMBARDI, *et. al.*,

    Defendants.
_____/

## ORDER DISMISSING THE COMPLAINT WITHOUT PREJUDICE

THIS MATTER is before the Court upon an independent review of the record. The Court has considered the Complaint (ECF No. 1), as well as the several other notices (ECF Nos. 5-12), filed by the Plaintiff, Eddie A. Banks. Also pending before the Court is Banks's Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 3). As explained in this Order, the Complaint is dismissed without prejudice for failure to state a claim upon which relief may be granted.

A complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff must articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007) (abrogating *Conley v. Gibson*, 355 U.S. 41 (1957)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Detailed factual allegations are not required, but a pleading "that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

The Court has the inherent power to dismiss, *sua sponte*, a frivolous lawsuit. *Davis v. Kvalheim*, 261 F. App'x 231, 234 (11th Cir. 2008). In this context, a lawsuit is frivolous if it lacks a legal basis or legal merit. *See Black's Law Dictionary*, 739 (9th ed. 2009). A complaint may be dismissed even before service of process, if the Court determines "from the face of the complaint that the factual allegations are clearly baseless or that the legal theories are indisputably meritless." *Davis*, 261 F. App'x at 234 (quoting *Carroll v. Gross*, 984 F.2d 392,

393 (11th Cir. 1993)). "*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Asad v. Bush*, 170 F. App'x 668, 671 (11th Cir. 2006). However, *Pro se* litigants must still follow the court's procedural rules. *See Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002). In assessing whether a plaintiff may proceed *in forma pauperis*, 28 U.S.C. § 1915(e)(2) (2006) requires a court to dismiss a case at any time if the court determines that the case is frivolous or fails to state a claim on which relief may be granted. The same standard as a dismissal under Federal Rule of Civil Procedure 12(b)(6) governs a dismissal under Section 1915(e)(2)(B)(ii). *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997).

Even liberally construed, Plaintiff's Complaint fails to state a claim upon which relief can be granted and is, in fact, frivolous because it lacks a legal basis or legal merit. The Complaint is difficult to comprehend, but seems to allege that the various Defendants, including Broward County Sherriff's deputies, as well as several judges, did not have the authority to take certain actions against the Plaintiff. The numerous allegations include theft, kidnapping, torture, and unlawful seizure of property. While the Court recognizes these are serious allegations, Plaintiff has failed to articulate any factual or legal allegations in a manner that successfully state a cause of action.

Accordingly, the Complaint (ECF No. 1) is **DISMISSED without prejudice**. The Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 3) is **DENIED**.

**DONE and ORDERED** in chambers, at Miami, Florida, on June 4, 2012.

_____
**ROBERT N. SCOLA, JR.**
**UNITED STATES DISTRICT JUDGE**

Copies to:
*Designated U.S. Magistrate Judge*
*Eddie Alexander Banks*
c/o General Delivery
Fort Lauderdale, FL 33310